UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH ALEXANDER PECSI, IV,

    Plaintiff,

v.                                                                                          Case No. 1:14-CV-220

THE CITY OF NILES, MICHIGAN,                                  HON. GORDON J. QUIST
et al.,

    Defendants.
_____/

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION**

Plaintiff, Joseph Pesci, sued Defendants Ivery C. Cross, III, Richard Huff, Michael Stanton, Heather Tracey, Heather Bosch, and the City of Niles (City), alleging claims pursuant to 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights by Defendant Cross, who at the time of the alleged violation was a City of Niles police officer. In Count I of his First Amended Complaint, Plaintiff alleged a claim for excessive force against Defendant Cross. In Count II, Plaintiff alleged claims against Defendants Stanton, Bosch, and Ramsey for failure to protect/failure to intervene. In Count III, Plaintiff alleged a claim for municipal liability against the City, Defendant Huff—the former Niles Chief of Police—and Defendant Stanton, based on an unconstitutional policy or custom, failure to train and/or failure to supervise. Count IV alleged a claim against the City and Defendant Huff based on an unconstitutional grievance and/or citizen complaint policy or custom. Finally, Count V alleged a claim against the City and Defendant Huff for constitutionally-inadequate hiring practices.

Plaintiff's essential factual allegations are as follows. On March 17, 2011, Defendant Cross stopped Plaintiff's vehicle for failing to stop at a four-way intersection. (ECF No. 114-6 at PageID.1946.) Prior to the stop Plaintiff had smoked synthetic marijuana. (*Id.* at PageID.1947.) Cross asked Plaintiff if he had anything in his vehicle. Plaintiff responded that he had some marijuana in his vehicle and gave Cross consent to search it. After Cross located the marijuana, he arrested and transported Plaintiff to the City of Niles Law Enforcement Center (LEC). (*Id.* at PageID.1948.)

Shortly after they arrived at the LEC, Cross did a pat-down search of Plaintiff and then took Plaintiff into a bathroom adjacent to the booking area and performed a strip search. (ECF Nos. 132-1 at PageID.2374; 114-6 at PageID.1948.) Cross instructed Plaintiff to remove his clothes and then had him bend over, spread his buttocks, and lift his genitalia. (*Id.*) Cross had his face about five inches from Plaintiff, but there is no indication that Cross touched him during this search. (*Id.*) After the search, Cross told Plaintiff to get dressed and then took Plaintiff to a holding cell. (*Id.*).

Approximately 45 minutes later, Cross returned and removed Plaintiff from the cell. Cross then took plaintiff to the same bathroom and told Plaintiff to masturbate into the toilet. After Plaintiff ejaculated, Cross touched Plaintiff's penis to make sure that the substance was not handsoap. (*Id.* at PageID.1951.) Cross then returned Plaintiff to the holding cell. Cross returned about ten minutes later and again removed Plaintiff from the cell. Cross then took Plaintiff into the bathroom and told him to masturbate into a styrofoam cup in order to preserve evidence. (*Id.* at PageID.1952.) While Plaintiff was attempting to comply with Cross's command, Cross fondled Plaintiff's penis and attempted to digitally penetrate Plaintiff's rectum. (*Id.* at PageID.1953.) After Plaintiff ejaculated into the cup, Cross returned Plaintiff to the holding cell, where Plaintiff remained for a short time until his mother arrived at the station to pay the $200 bond.

Following discovery, Defendants filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims. Before responding to the motion, Plaintiff voluntarily dismissed Defendants Stanton, Bosch, and Tracey. (ECF Nos. 107–09.) Magistrate Judge Ellen Carmody heard oral argument on the motion, and on January 21, 2016 issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion in part and deny it in part. In particular, the magistrate judge recommended that: (1) Plaintiff has pled sufficient facts to establish a violation of his Fourth and Fourteenth Amendment rights based on the initial strip search by Cross and that Plaintiff be permitted to amend his complaint to clarify the factual basis for his Fourth Amendment claim; (2) Plaintiff's claims against Huff in his personal capacity be dismissed; (3) Plaintiff's failure to train claim be dismissed based on Plaintiff's voluntary withdrawal at oral argument, but that Plaintiff's failure to supervise claim against the City and Defendant Huff in his official capacity be allowed to proceed; (4) Plaintiff's ineffectual grievance policy claim be dismissed; and (5) Plaintiff's inadequate hiring procedures claim be dismissed. (ECF No. 129.)

Defendants have filed an Objection to the R & R, in which they argue that the magistrate judge erred in her analysis of the strip search issue and erred in her conclusion that Plaintiff presented a sufficient factual basis for his failure to supervise claim. Defendants also argue that the magistrate judge made an improper evidentiary ruling in commenting that a single incident in which a citizen experienced difficulty reporting an incident of misconduct by Cross might be relevant in the context of Plaintiff's failure to supervise claim. Plaintiff has filed a response, in which he urges the Court to adopt the R & R.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

3

conducting a *de novo* review of the R & R, Defendants' Objection, and the pertinent portions of the record, the Court concludes that the R & R should be rejected because, assuming that Plaintiff has established that Cross violated his Fourth Amendment rights by strip searching Plaintiff, Plaintiff's evidence does not suffice to show that the City was deliberately indifferent, as required for a failure to supervise claim.

The magistrate judge found the municipal liability "a close call" but concluded that the following evidence sufficed to create a triable issue on whether the City was deliberately indifferent under a failure to supervise theory:

1. On September 16, 2009, Cross physically assaulted Russell Frantz in order to force Frantz to provide a urine sample at a medical facility.

2. Cross failed to comply with the City's strip search policy and a Michigan statute regarding strip searches because he failed to obtain pre-approval and to prepare a written report of the strip search. In addition, Plaintiff's evidence showed that the failure to conduct strip searches in accordance with City policy and state law was a standard practice, rather than an isolated incident.

3. During the relevant time, the City had a policy or custom of permitting a single officer to remove detainees from their cells and transport them throughout the facility without another officer being present, which is contrary to "accepted practice."

4. Cross engaged in several acts of misconduct while employed by the City as a police officer, including: (a) writing bad checks to a local business owner; (b) having a suspended driver's licence; (c) operating a patrol vehicle without a valid driver's license; and (d) damaging a patrol vehicle and lying about it to investigators.

(ECF No. 129 at PageID.2198–2205.) The magistrate judge found that while none of these customs or policies alone sufficed to impose municipal liability, the totality demonstrated that the City was deliberately indifferent to Plaintiff's rights, resulting in the injuries inflicted by Cross. (*Id.* at PageID.2206.)

4

In *Amerson v. Waterford Township*, 562 F. App'x 484 (6th Cir. 2014), the Sixth Circuit stated that the

> "failure to supervise" theory of municipal liability is a rare one. Most agree that it exists and some allege they have seen it, but few actual specimens have been proved. It appears to relate to two more common theories of municipal liability; an inadequate-training theory or an acquiescence theory. . . . However characterized, [a claim for failure to supervise] must meet the rigorous standards of culpability and causation that the Supreme Court has required when a plaintiff claims that a municipality has indirectly caused a violation of federal rights in spite of its facially lawful policies.

*Id.* at 491–92 (quoting *Mize v. Tedford*, 375 F. App'x 497, 500 (6th Cir. 2010)). A plaintiff alleging a failure to supervise theory must show that the defendant was deliberately indifferent to the risk of a constitutional violation, *id.* at 492, a task that "typically requires proof that the municipality was aware of prior unconstitutional actions by its employees and failed to take corrective measures." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 815 (6th Cir. 2005). "[D]eliberate indifference 'does not mean a collection of sloppy, or even reckless oversights; it means evidence showing an obvious, deliberate indifference' to the alleged violation." *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005) (quoting *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996)).

In *Amerson*, the plaintiff argued that the defendant's failure to conduct reviews and monitor the performance of its officers sufficed to demonstrate deliberate indifference to the defendant officer's use of excessive force. While the court acknowledged that such failure could be a component of a deliberate indifference claim, it explained that more is required: "plaintiffs must also show that the [defendant] lacks such a process out of deliberate indifference for the constitutional violations that may occur as a result." *Amerson*, 562 F. App'x at 492. Thus, absent "evidence of a pattern of excessive force, a record of officers going unpunished for excessive force, or other circumstances tending to show that [the defendant] was aware or could have been aware that [the

5

officer] was prone to unwarranted application of force," the plaintiff could not demonstrate the requisite deliberate indifference. *Id.*

In the instant case, with the exception of the Frantz incident, the remaining policies or circumstances cannot establish that the City was deliberately indifferent to Plaintiff's constitutional rights. Cross's or other officers' failure to comply with the City's strip search policy or state law requiring prior approval for the strip search and a written report afterward cannot support a pattern of unconstitutional conduct because a mere violation of state law does not establish a claim under § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citing *Conley v. Williams*, No. 93-5524, 1994 WL 326001, at *2 (6th Cir. July 5, 1994)); *see also Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992) (noting that a defendant's "failure to comply with a state regulation is not itself a constitutional violation"). Nor would such noncompliance show that the City was aware that Cross had a tendency to violate detainees' Fourth Amendment rights. The same is true of the City's alleged policy of not requiring more than one officer to escort detainees throughout the jail. Moreover, Plaintiff has presented no evidence that such policy has ever resulted in a constitutional violation that was known to the City. Finally, Cross's misdeeds—writing bad checks, driving on a suspended license, and damaging a patrol car and lying about it—have no bearing on whether the City was deliberately indifferent. While such evidence may show that Cross was incompetent, irresponsible, or a jerk, none of Cross's acts violated anyone's constitutional rights. *See Reinhardt v. Dennis*, 399 F. Supp. 2d 803, 809 (W.D. Mich. 2005) (concluding that evidence that the sheriff's department was aware of a deputy's prior inappropriate communications of sexual nature failed to show that the defendants were aware of prior unconstitutional conduct by the deputy indicating that the plaintiff was at risk of serious harm).

As for the Frantz incident, it is insufficient to show a "clear and persistent pattern" of illegal conduct required to establish municipal liability.  *Thomas*, 398 F.3d at 432.  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed a municipal policymaker." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24, 105 S. Ct. 2427, 2436 (1985).  Plaintiff has made no such showing.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 21, 2016 (ECF No. 129) is **REJECTED**.

**IT IS FURTHER ORDERED** that the City of Niles's and Defendant Huff's Motion for Summary Judgment (ECF No. 91) is **GRANTED**, and Plaintiff's claims against those Defendants are **DISMISSED WITH PREJUDICE**.

Plaintiff's Fourth Amendment claim against Cross, on which default has been entered against Defendant Cross, remains pending.

Dated: March 31, 2016                                  /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE