UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOSEPH ALEXANDER PECSI, IV,

    Plaintiff,

v.

IVERY C. CROSS, III,

    Defendant.

_____/

Hon. Gordon J. Quist

Case No. 1:14-cv-00220

REPORT AND RECOMMENDATION

    This matter was referred by the Hon. Gordon J. Quist for an evidentiary hearing and report and recommendation as to a default judgment against Ivery C. Cross, III (Defendant Cross). Plaintiff seeks entry of judgment against Defendant Cross in the amount of $2,613,672, reflecting $1,742,448 for compensatory damages and $871,224 in punitive damages, exclusive of attorney fees and costs.

    A summons was returned executed as to Defendant Cross (ECF No. 8). Defendant Cross failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) against Defendant Cross on July 27, 2015 (ECF No. 105). Defendant Cross is not a minor or an incompetent person.

    As defendant has not answered or otherwise pled, the allegations against Defendant Cross are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6). The facts giving rise to this litigation have been thoroughly briefed.

In summary,[1] on March 17, 2011, Plaintiff was stopped by Defendant Cross, a uniformed Niles police officer. As a result of his actions in connection with the stop and events following, Defendant Cross was convicted of sexually assaulting Plaintiff on two occasions. He also strip-searched Plaintiff and taunted and badgered him for several hours before, during, and after the incidents. Further, Defendant Cross made numerous telephone calls and sent numerous texts to Plaintiff after the assaults. A botched sting operation resulted in Defendant Cross physically (though not sexually) accosting Plaintiff two more times (See, Plaintiff's Brief on Damages, ECF No. 140, PageID.2798-2800).

Plaintiff's motion for default judgment against Defendant Cross (ECF No. 110) was provisionally granted by the Honorable Gordon J. Quist pursuant to Fed. R. Civ. P. 55(b)(2) and the case was referred to the undersigned for an evidentiary hearing regarding damages before final judgment enters (ECF No. 137). That evidentiary hearing regarding Plaintiff's damages against Defendant Cross was held May 18, 2016.

The undersigned has reviewed Plaintiff's brief regarding damages and the attached exhibits (ECF No. 140 – ECF. No. 142, Exhibits at PageID.2810, et seq.). The undersigned also heard testimony under oath by Plaintiff, Joseph Alexander Pecsi, IV, which testimony the undersigned found credible and persuasive.

## COMPENSATORY DAMAGES

Plaintiff seeks compensatory damages in the amount of $1,742,448, calculated at $75 per day for a period of 23,232.64 days, Plaintiff's life expectancy from the date of the incident forward. (Exhibit 3, ECF No. 141, PageID.2856-2857).

---

[1] See Plaintiff's Amended Complaint, ECF No. 14, and Plaintiff's Response, ECF No. 112, to the Municipal Defendants' Motion for Summary Judgment, ECF No. 91, for a more thorough recitation of the relevant facts.

The affidavit and report of Gerald A. Shiener, M.D. is attached to Plaintiff's submission regarding damages (Exhibit 2, ECF No. 141, PageID.2825-2855). Dr. Shiener clearly appears to be qualified to offer a psychiatric opinion (PageID.2838-2855). He diagnoses Plaintiff with post-traumatic stress disorder, expresses his opinion that this was caused by Plaintiff's encounter with Defendant Cross, and gives Plaintiff a poor prognosis based on the amount of time he has been symptomatic, i.e., four years from the incident.

As noted, Plaintiff's testimony at the hearing was credible and persuasive. He testified that before the assaults he was succeeding in a welding technology program at Southwestern Michigan College. After the assaults, he finished up the semester with difficulty but then never returned to school. Plaintiff's testimony regarding his lack of educational aspirations and psychological difficulties since the date of the assaults was consistent with Dr. Shiener's opinion. Plaintiff testified to ongoing depression, anxiety, avoidance of public restrooms, social isolation, and digestive issues. He also noted a lack of trust in others and paranoia about police officers. He has had difficulty giving a urine sample in connection with efforts to find employment. He testified to embarrassment and humiliation in his relatively small town of Niles when publicity regarding the criminal charges against Defendant Cross drew unfavorable commentary about Plaintiff as well. (See ECF No. 142, PageID.2898-2907.)

Prior to the incident he describes dedication to his educational path, which he abandoned after the incident. Although Plaintiff is currently employed, he lacks ambition. He suffers from flashbacks and avoids social situations and public places.[2] It negatively impacts his relationships, romantic or otherwise.

---

[2] Dr. Shiener also noted that Plaintiff abuses substances more frequently.

3

Plaintiff's compensatory damage calculations are rationally based and supported by Plaintiff's testimony as well as expert opinion testimony.[3]

## PUNITIVE DAMAGES

Plaintiff seeks punitive damages in the amount of $871,224, 50% of the compensatory damages sought. Similarly, the undersigned finds that an award of punitive damages calculated as 50% of compensatory damages, given the facts of this case including Defendant Cross' gross abuse of his position,[4] is reasonable and well within what a reasonable jury could award. The punitive damages requested are exactly half of what plaintiff asks to be ordered in compensatory damages.

The Supreme Court has set forth factors to be considered in deciding whether a punitive damages award is excessive: (1) the degree to which the conduct is reprehensible; (2) the severity of the harm suffered by the plaintiff and the compensatory damage award; and (3) the difference between the punitive damages award and civil penalties authorized or imposed in comparable cases. *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996).

Taking these factors into account, the undersigned finds the request for punitive damages appropriate. Defendant Cross' abuse of his position of authority and the taunting nature of his interaction with Plaintiff and multiple sexual assaults clearly seems to meet the reprehensibility threshold. Further, a request of 50% of the claimed compensatory damages seems eminently reasonable. Finally, the amount of the requested punitive damages seems well within the range of punitive damages awarded in comparable,

---

[3] See, e.g., ECF No. 142, PageID.2915-2935. While the undersigned recognizes that each case has its own unique set of facts, clearly Plaintiff's request is within the range that a jury could, and probably would, reasonably award.

[4] See ECF No. 142, Affidavit and Opinion of W. Ken Katsaris, at PageID.2816.

although not identical, cases. *See, e.g., Estate of Moreland v. Dieter*, 395 F.3d 747 (7th Cir. 2005); *Murphy v. Gilman*, 551 F.Supp.2d 677 (W.D.Mich. 2008); and other various authorities cited by Plaintiff in his brief in support of damages (ECF No. 140, PageID.2807-2808).

## CONCLUSION

The compensatory and punitive damages requested appear well within the range a reasonable jury could award, given Defendant Cross' gross abuse of his authority, an arguably illegal strip-search, a pattern of heckling Plaintiff in an intimidating way, and two separate incidents of sexual assault. For the reasons stated above, I recommend that judgment be entered against Defendant Cross in the amount of $2,613,672, reflecting $1,742,448 for compensatory damages and $871,224 in punitive damages, exclusive of attorney fees and costs. I further recommend that attorney fees be considered in an amount to be determined after a motion for attorney fees is filed and briefed.

Date:  June 2, 2016                        /s/ Ellen S. Carmody
                                           ELLEN S. CARMODY
                                           U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).